IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS NAVARROLI, on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>CHAD STEUR LAW, LLC; and FEDERAL PACIFIC CREDIT COMPANY; )<br><br>Defendants. ) | Case No. 17-cv-5517 |

**COMPLAINT – CLASS ACTION**

1. Plaintiff Nicholas Navarroli brings this action to secure redress for improper debt collection practices by defendants. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

1

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff Nicholas Navarroli seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

7. The Court has jurisdiction under 15 U.S.C. §1692k, 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

8. Venue and personal jurisdiction in this District is proper because:

   a. Defendants do business in this District;

   b. Defendants' collection correspondence was sent to plaintiff Nicholas Navarroli in this District.

## PARTIES

9. Plaintiff Nicholas Navarroli is a resident of the Northern District of Illinois.

10. Defendant Chad Steur Law, LLC ("Chad Steur") is a law firm organized as a Utah limited liability company with offices at 140 W 2100 S, Suite 220, Salt Lake City, Utah. Its registered agent is Chad M. Steur.

11. The firm has several practice areas, including "debt collection". (http://www.chadsteurlaw.com/) It has a special web site for consumer debt collection activities (http://debtcollection.chadsteurlaw.com/)

12. Defendant Chad Steur uses the mails and telephone system in connection with collecting consumer debts for others.

13. Defendant Chad Steur is a debt collector as defined in the FDCPA.

14. Defendant Federal Pacific Credit Company ("Federal Pacific") is a limited liability company organized under Utah law with offices at 140 W 2100 S, Suite 220, Salt Lake City, Utah, i.e., the same office suite as Chad Steur Law, LLC. It holds a collection agency license from the state of Utah. Its registered agent in Utah is William R. Stratton, who is also its sole manager. It sometimes does business as FPCC Processing.

15. Federal Pacific does business in Illinois. Its registered agent in Illinois is Business Filings Incorporated, 118 West Edwards Street, Suite 200, Springfield, Illinois 62704.

16. The sole business activity of Federal Pacific is the acquisition and collection of defaulted consumer debts. It is a member of the Debt Buyers Association, a trade association of such companies.

17. Federal Pacific uses the mails and telephone system in conducting its business.

18. Federal Pacific is a debt collector as defined in the FDCPA.

19. Federal Pacific and Chad Steur operate in concert with one another from the same office suite.

## FACTS

20. Defendants have been attempting to collect from plaintiff a debt consisting of a First Savings Credit Card obtained and used for personal, family or household purposes and not for business purposes.

21. The debt went into default in late 2008. (Exhibits A-B)

22. The applicable Illinois statute of limitations is five years, so that the debt was time-barred by 2014.

23. On or about September 2, 2016, defendant Chad Steur acting on behalf of defendant Federal Pacific, sent plaintiff the letter attached as Exhibit C.

24. Exhibit C states, "The law limits how long you can be sued on a debt. Because of the age of your debt, Chad Steur Law will not sue you for it and Federal Pacific Credit Co will not report it to any credit reporting agency."

25. Exhibit C is a form letter.

26. Exhibit C offered a settlement of the alleged credit card debt, including a settlement in the form of a payment plan.

27. Although Exhibit C states that "Federal Pacific Credit Co will not report it [the debt] to any credit reporting agency," it also states that upon final payment pursuant to a settlement "If this debt was reported to the major credit reporting agencies they will be notified," indicating that it is still being reported by someone.

28. The letter does not disclose that making a payment as requested may restart the statute of limitations.

## COUNT I – FDCPA – CLASS CLAIM

29. Plaintiff incorporates paragraphs 1-28.

30. This claim is against Chad Steur and Federal Pacific.

31. Exhibit C violates 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) because it does not disclose that making a payment as requested may restart the statute of limitations, *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017), aff'g, 78 F.Supp.3d 743 (N.D.Ill. 2015), and because it is confusing and unclear as to whether the debt is still being reported on plaintiff's credit report.

32. Section 1692e provides:

**§ 1692e.    False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

   **(2)    The false representation of--**

      **(A)    the character, amount, or legal status of any debt; . . .**

   **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

33. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

34. The class consists of (a) all individuals with Illinois addresses, (b) to whom a letter was sent by or on behalf of either defendant to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, (d) which letter

offered a settlement or a payment plan (e) and did not state that any payment may restart the statute of limitations, (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

35. On information and belief, based on the use of form letter and the fact that debts are normally purchased, sold and placed in portfolios of debts of like nature and vintage, the class is so numerous that joinder of all members is not practicable.

36. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants' letter is misleading.

37. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

39. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i. Statutory damages;

  ii.  Any actual damages incurred by class members, including all amounts paid on time-barred debts;

  iii.  Attorney's fees, litigation expenses and costs of suit;

  iv.  Such other and further relief as the Court deems proper.

        <u>s/ Daniel A. Edelman</u>
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
Patricia N. Jjemba
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                       s/Daniel A. Edelman
                                       Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**DOCUMENT PRESERVATION DEMAND**

  Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                s/Daniel A. Edelman
                Daniel A. Edelman